**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSE LUIS RODRIGUEZ-RAMOS,   :<br>: Civil Action No. 14-3942(NLH)<br>Petitioner,   :<br>:<br>v.   :   **MEMORANDUM OPINION**<br>:<br>FEDERAL BUREAU OF PRISONS,   :<br>et al.,   :<br>:<br>Respondents.   : | |

**APPEARANCES:**

Jose Luis Rodriguez-Ramos
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
     Petitioner pro se

**HILLMAN,** District Judge

     Petitioner Jose Luis Rodriguez-Ramos, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking an order permitting his withdrawal from the literacy program and for good time credits.

     The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for

filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

   Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.

   To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

2

In addition, the Petition appears incomplete, as the first page, numbered (1), concludes with the following partial sentence, "Petitioner respectfully submits the within instant MOTION REQUESTING WITHDRAWL and avers to the following STATEMENT OF FACTS:" following which are several exhibits, but no statement of facts.  Moreover, the Petition is not signed.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice.[1]  Petitioner will be granted leave to apply to re-open within 30 days, accompanied by a complete signed amended petition, and by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.


At Camden, New Jersey               s/Noel L. Hillman
                                    Noel L. Hillman
                                    United States District Judge
Dated:  June 24, 2014

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (applying Houston mailbox rule to the filing of federal habeas petitions); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).